**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**JESUS ACEVEDO SANCHEZ,**

     *Petitioner,*

     **v.**

**VERNON LIGGINS,** *et al.*,

     *Respondents.*

**Civil No.: 1:26-cv-02345-JRR**

## <u>SHOW CAUSE ORDER</u>

The court has reviewed Jesus Acevedo Sanchez's Petition for Writ of Habeas Corpus, filed on June 12, 2026.  (ECF No. 1; the "Petition.")  The Petition appears to present a question of whether Petitioner, who entered the United States in 2001 without inspection or apprehension, and has now been placed in removal proceedings, is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) or is eligible for bond under the discretionary detention framework set forth in 8 U.S.C. § 1226(a).  This court has recently addressed this issue and Respondents' arguments on same in *Castro Sosa v. Bondi*, 1:26-cv-00516-JRR (D. Md. 2026); *Souza v. Liggins*, 1:26-cv-00633-JRR (D. Md. 2026); *Hernandez Maldonado v. Liggins*, 1:26-cv-00455-JRR (D. Md. 2026); *Martinez Calderon v. Noem*, 8:26-cv-00085-JRR (D. Md. 2026); *Cedillo Del Cid v. Noem*, 8:26-cv-00350-JRR (D. Md. 2026); and *Tobar-Morales v. Bondi*, 1:25-cv-04108-JRR (D. Md. 2026).  The court has also addressed the matter of the operative framework where a petitioner detainee had previously been released on a supervision order while in removal proceedings.  *See, e.g.*, *Tohchaah v. Liggins*, 1:26-cv-00216-JRR (D. Md. 2026); *Condori Ortiz v. Liggins*, 1:26-cv-00267-JRR; and *Granados v. Liggins*, 1:25-cv-04083-JRR (D. Md. 2026).  The court's analysis in those cases also adopted the reasoning of other judges of this court on these same issues as seen in *Maldonado de Leon v. Baker*, No. CV 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025),

and *Velasquez v. Noem*, No. CV GLR-25-3215, 2025 WL 3003684 (D. Md. Oct. 27, 2025). Pursuant to its reasoning in those cases, the court ordered that Respondents were enjoined from detaining the petitioner pursuant to 8 U.S.C. § 1225(b), and that Respondents were required to give the petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d).

As Petitioner here appears to raise the same issues and arguments this court has previously addressed in the above-noted matters, it is this 12th day of June 2026,

**ORDERED** that, by Thursday, June 18, 2026, at 12:00 p.m., Respondents shall show cause why the court should not treat the Petition in a like manner, including ordering like relief as that ordered in the above-noted cases. Assuming Respondents' substantive arguments opposing Petitioner's requested *habeas* relief here mirrors Respondents' arguments presented in the above-referenced cases, Respondents' response to this order may incorporate by reference their arguments in those cases, but shall set forth any objection or challenge unique to this action, including as to the factual allegations set forth in the Petition.

Madam Clerk shall transmit a copy of the Petition for a Writ of Habeas Corpus at ECF No. 1 and this order to the Chief and Deputy Chief of the Civil Division of the United States Attorney's Office for the District of Maryland and then file a Notice that the filings have been transmitted.

/s/ _____
Julie R. Rubin
United States District Judge

2